[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 26, 2006
THOMAS K. KAHN
CLERK

No. 05-12268
Non-Argument Calendar
_____

Agency Nos. A95-885-417
& A95-885-418

MAGDA CATALINA MERINO BARRETO,
ANGEL CAMILO ARANGO MERINO,
SERGIO MATEO ARANGO MERINO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,
DEPARTMENT OF HOMELAND SECURITY,

Respondents.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(January 26, 2006)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

On December 9, 2003, an Immigration Judge ("IJ") denied Petitioner's application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT").[1] Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). On March 29, 2004, while the appeal was pending, she filed a motion to reopen the proceedings before the IJ on the ground that her attorney rendered ineffective assistance of counsel in those proceedings. She claimed that her attorney was not prepared to represent her and, prior to the hearing on her application, told her that her options were to represent herself or request voluntary departure. She chose the former option. The Department of Homeland Security (successor to the Immigration and Naturalization Service) opposed Petitioner's motion on the ground that the motion failed to satisfy the requirements for remand on the ineffective assistance ground.

In an order dated January 27, 2005, the BIA denied Petitioner's motion to reopen and adopted and affirmed the IJ's decision denying Petitioner asylum and withholding of removal under the INA and CAT. In doing so, the BIA concluded that Petitioner had failed to demonstrate (1) eligibility for removal relief and (2)

---

[1] Barreto sought asylum and withholding of removal for herself and her two sons, who effectively stand in her shoes. For convenience, we consider them collectively as "Petitioner."

2

that counsel's conduct had caused her prejudice and thus had deprived denied her of due process of law.

On February 14, 2005, Petitioner moved the BIA to reconsider its denial of her motion to reopen (the proceedings before the IJ). In her motion, Petitioner stated that the IJ had erred in failing to address her request for voluntary departure. On March 25, 2005, the BIA denied the motion, concluding that the motion cited no error of law or fact warranting reconsideration of its prior decision. Petitioner now seeks review of that decision. Before undertaking our review, however, we take note of the time limits that circumscribe Petitioner's right to review in this court.

For us to have jurisdiction to review a final order of removal (which in this case denied Petitioner's (1) motion to reopen and (2) her application for asylum and withholding of removal), the alien must file her petition for review within 30 days of the date the final order issues. See 8 U.S.C. § 1252(a)(1), (b)(1).[2] This "deadline is not suspended or tolled by the fact that [the petitioner] filed a motion [for reconsideration and] to reopen the removal proceedings . . . after issuance of the final order of removal." Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3

_____

[2] Because the final order of removal issued on January 27, 2005, Petitioner had until March 1, 2005 to file her petition for the review of that order. The only petition for review petitioner filed is the one before us – a petition to review the BIA's March 25, 2005 order denying her motion to reconsider.

3

(11th Cir. 2005) (citing <u>Stone v. INS</u>, 514 U.S. 386, 115 S.Ct. 1537, 1549 (1995) (construing the former 90-day period for filing a petition for review under former 8 U.S.C. § 1105a(6)).

## I.

We lack jurisdiction to review the BIA's January 27, 2005 decision – which, as noted above, (1) denied Petitioner's motion to reopen and (2) affirmed the IJ's denial of Petitioner's application for asylum and withholding of removal – for the simple reason that Petitioner did not file a petition for the review of either of these rulings. The petition that is before this court only refers to the BIA's March 25, 2005 order. We now consider that order.

## II.

"We review the BIA's denial of a motion to reconsider for abuse of discretion." <u>Assa'ad v. U.S. Att'y Gen.</u>, 332 F.3d 1321, 1341 (11th Cir. 2003), <u>cert. denied</u>, 125 S.Ct. 38 (2004). A motion to reconsider must "specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C); <u>see also </u>8 C.F.R. § 1003.2(b)(1). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. . . ." 8 C.F.R. § 1003.2(c)(1); <u>see</u>

4

also 8 U.S.C. § 1229a(c)(7)(B), "[T]here are at least three independent grounds upon which the [BIA] may deny a motion to reopen: 1) failure to establish a prima facie case; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001). The underlying merits of the motion to reopen are not before us, except to the extent necessary to permit us to decide whether the BIA abused its discretion (in entering the order now before us). Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (review of BIA's denial of motion to reopen is limited to determining "whether there has been an exercise of administrative discretion and whether the . . . exercise has been arbitrary or capricious.")

Petitioner contends that the BIA abused its discretion in rejecting her request for voluntary departure. Voluntary departure permits an alien to depart the United States in lieu of being deported and is granted with an alternate order of removal. 8 C.F.R. § 1240.26(d). Voluntary departure may not be granted unless the alien requests it and agrees to the terms and conditions of voluntary departure. 8 C.F.R. § 1240.26(b). Voluntary departure is divided into two categories: (1) aliens

5

granted departure in lieu of or before the completion of removal proceedings;[3] and

(2) aliens granted departure at the conclusion of the proceedings. 8 U.S.C. §

1229c(b) . An alien is eligible for voluntary departure at the completion of the

removal proceedings if she (1) has been physically present in the United States for

at least one year preceding service of the Notice To Appear; (2) has been a person

of good moral character for at least five years immediately preceding the

application; (3) is not deportable as an aggravated felon or on account of terrorist

activity; and (4) has established by clear and convincing evidence that she has the

means to depart the United States and intends to do so. 8 U.S.C. § 1229c(b)(1).

Petitioner's motion to reconsider failed to specify any errors of law or fact in

the IJ's or the BIA's orders. Instead, what the motion presents is a new claim –

that voluntary departure was still available to Petitioner. This is a claim that

Petitioner should have presented in her motion to reopen since such a motion asks

for the reopening of prior proceedings for the introduction of new evidence. As the

BIA noted, Petitioner failed to submit any evidence showing prima facie eligibility

---

[3] An alien may be permitted to depart the United States voluntarily in lieu of or before completion of the deportation proceedings for a period generally not to exceed 120 days. 8 U.S.C. § 1229c(a)(2). Extensions of the voluntary departure period may be granted within the 120-day time period. 8 C.F.R. § 240.25(c). An alien requesting voluntary departure from an IJ prior to completion of the removal proceedings must make the request before or at the master calendar hearing at which the case will be heard on the merits. 8 C.F.R. § 1240.26(b)(1)(i)(A). To obtain voluntary departure, (s)he must concede removability and waive appeal of all issues. 8 C.F.R. § 1240.26(b)(1)(i)(C) and (D).

for relief of voluntary departure. Given the foregoing circumstances, we could not say that the BIA abused its discretion in denying Petitioner's motion.

The BIA's denial of Petitioner's motion to reconsider is, therefore, AFFIRMED.